UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Vanda Pharmaceuticals Inc., <br><br> Plaintiff, <br><br> v. <br><br> Food and Drug Administration, *et al.*, <br><br> Defendants. | Case No. 1:24-cv-351 (ACR) |

## JOINT STATUS REPORT

The parties respectfully submit this joint status report pursuant to the Court's Order dated October 2, 2024, extending the deadline set by the Court's Order dated September 17, 2024. *See* Minute Entry dated Oct. 2, 2024; Minute Entry dated Sept. 17, 2024. As the Court instructed, the parties have met and conferred regarding next steps in this litigation and whether they might reach an agreement that could resolve or narrow the scope of the dispute. The parties have been unable to reach an agreement. Each party therefore provides its position as to how proceedings regarding this dispute should proceed.

## VANDA'S POSITION

1. **Vanda's settlement proposal.** Vanda proposed a settlement framework for all issues in this matter (including for forthcoming claims relating to FDA's unlawful procedures regarding the commencement of a hearing):

    a. Vanda and FDA would stipulate that Vanda has never "agreed" to extend the statutory deadlines that exist in 21 U.S.C. § 355; and

    b. Vanda and the review division would, over a 60-day period in which litigation would be paused, endeavor to reach a written agreed-upon pathway for Vanda's

development program, which may include Vanda committing to undertake additional studies. Vanda and FDA would attempt to reach agreement as to particular issues, including acceptable endpoints for new studies. This discussion between Vanda and FDA would be structured such that, if initial conversations between Vanda and FDA were unsuccessful, the parties would employ facilitation by independent scientific experts.

2. If the parties achieved a written agreement for a pathway forward, the parties would then settle all aspects of this dispute, including with the stipulation identified above.

3. FDA rejected this proposal. FDA refused to discuss the proposed stipulation. FDA's refusal to so much as acknowledge that Vanda has never agreed to extend the statutory deadlines under Section 355 underscores why Vanda will be repeatedly subject to this same conduct until a court declares it unlawful.

4. As to the second aspect of Vanda's proposal, FDA responded with a lengthy document, but because it is marked Fed. R. Evid. 408, FDA apparently takes the position that Vanda cannot disclose or discuss its contents. FDA, however, has made clear that it is unwilling to provide Vanda anything other than meetings or procedures generally available, and FDA will not agree to a discussion facilitated by independent experts as a means to resolve the disputes at issue here.[1]

---

[1] Since FDA has now characterized its offer below, FDA merely proposed a Type A meeting or a formal dispute resolution request. In Vanda's significant experience, these mechanisms have not made meaningful progress between the parties. As for a Type A meeting, FDA has been unwilling to reach concrete agreements. As for a formal dispute resolution request, Vanda's experience proves that this mechanism does not entail—contrary to FDA's representation—any discussion. Vanda's proposal is for the parties to work collaboratively for *future* actions, rather than dispute past decisions. That is why Vanda proposed the parties take a pause to determine if they could reach a concrete agreement about a pathway forward for the development program. Given the substantial history between Vanda and FDA, Vanda believes that facilitation by independent experts would help *both* sides determine if agreement may be reached. FDA rejected this proposal.

5. **FDA's scheduling actions regarding the ongoing proceedings.**  FDA's actions regarding the prospective timing of proceedings following the Notice of Opportunity for a Hearing do not satisfy Vanda's interests in this case.  To start with, because Vanda filed the underlying supplemental New Drug Application on May 4, 2023, the Notice of Opportunity for a Hearing was due on October 31, 2023, 180 days later.  21 U.S.C. § 355(c)(1).  The Commissioner would then be obligated to commence the hearing within 120 days, or February 28, 2024.  21 U.S.C. § 355(c)(1)(B) ("If the applicant elects to accept the opportunity for hearing … within thirty days after such notice, such hearing shall commence not more than ninety days after the expiration of such thirty days …").

6. FDA's proposal—where FDA does not even make a decision *whether* to hold the statutorily-required hearing—will come 486 days after the NOOH was actually due.  This is roughly 405% of the 120-day statutory deadline.  And it is 266 days after the NOOH actually published, roughly 222% of the statutory deadline.  This proposal does not satisfy Vanda's interests in this case, for several reasons.

7. *First*, FDA's relevant obligation under the statute is to *commence a hearing*—not issue an order.  21 U.S.C. § 355(c)(1)(B).  Thus, the decision FDA proposes to provide on (or before) February 28, 2025, does not satisfy FDA's statutory obligations.  Those obligations will be discharged only at some later, unspecified time, when FDA in fact commences the hearing.  FDA has erected a summary judgment structure—found nowhere in the statutory text—that necessarily results in violations of the statute's timing requirements.  Yet FDA's actions will mean that the commencement of a hearing will be at least a year late.

8. *Second*, FDA's conduct in this case proves why declaratory relief regarding FDA's unlawful delays is so imperative.  Prior to the September 17, 2024 hearing, Vanda was informed

3

that CDER would not provide its response with respect to the NOOH (published on June 7, 2024, and Vanda's substantive submission was filed on August 6, 2024) until February 6, 2025. Only after the Court expressed concern—and after Vanda rejected FDA's earlier proposal providing yet lengthier periods for CDER to act—did CDER arrive at its current proposal of October 31, 2024.

9. This has become a pattern. FDA acts with unreasonable delay as to Vanda, informing us that it will not act faster. As a result, Vanda's sole recourse is to file a lawsuit—expending considerable resources in doing so—and gain the attention of a federal judge. Only *then* will FDA act with flexibility as to timing. As Judge Nichols put it earlier this year as to another Vanda sNDA (regarding the jet lag supplemental new drug application for Hetlioz®), "[o]verall, there appears to be real play in the joints." *Vanda Pharms., Inc. v. United States Food & Drug Admin.*, No. 1:22-CV-2775 (CJN), 2024 WL 307387, at *5 (D.D.C. Jan. 26, 2024).

10. This is precisely why Vanda asks for declaratory relief: Otherwise, Vanda will be forced to roll the rock uphill again and again and again. It will have to expend considerable resources each time—and the Court will be substantially burdened. This confirms why Vanda requests that the Court issue relief declaring that FDA's 60-day filing and CRL regulations are unlawful as applied to Vanda.

11. **<u>Vanda's current complaint and pending summary judgment motion.</u>** For these reasons, Vanda seeks the completion of proceedings on its current claims seeking declaratory relief as to the illegality of FDA's delays in issuing a notice of opportunity for a hearing on Vanda's sNDA and the invalidity of FDA's 60-day filing and CRL regulations. Nothing about FDA's recent conduct addresses that harm. As described above, the fact that FDA *can and does* act faster after a Court directs it to is precisely why Vanda seeks declaratory relief; Vanda should not have to litigate these issues anew every time.

4

12. Vanda appreciates the Court's request for an additional oral argument and for supplemental briefing. Vanda will follow any direction from the Court as to when it would be most useful for the parties to appear for argument and to submit supplemental briefing.[2]

## GOVERNMENT'S POSITION

1. Following the September 17, 2024 hearing, FDA proposed to Vanda a schedule for administrative proceedings on Vanda's application that was substantially shorter than the timeline the Court and Vanda's counsel discussed at the hearing, which was a timeline proposed by FDA's Center for Drug Evaluation and Research (CDER). Vanda rejected the offer and made no counter proposal regarding a schedule.

2. Instead, as it describes above, Vanda proposed *pausing* the administrative proceedings to negotiate with FDA's scientists about its application, subject to additional conditions. While FDA could not agree to the proposed conditions, FDA expressed its willingness to collaborate and proposed a detailed framework for doing so, such as by providing input on design of studies that are capable of demonstrating safety and effectiveness for Vanda's proposed drug indication (whether that be the current insomnia indication or a different indication). Vanda did not accept that offer, again without further discussion.

3. FDA takes issue with many of Vanda's characterizations of the negotiations, but ultimately the parties did not reach an agreement.

---

[2] As FDA explains, it issued its order addressing scheduling in the ongoing hearing process *today*. Vanda is still assessing whether it will bring an additional complaint as to the hearing process—including whether the procedures FDA has employed are lawful. However, because the order issued this afternoon, Vanda has not made a final determination. If Vanda does elect to pursue additional claims, it will promptly notify the Court. But nothing about FDA's order obviates the need for the Court to resolve the issues before it in the present case.

4.  **The Office of the Commissioner's Scheduling Order**.  On October 4, 2024, FDA's Office of the Commissioner issued a scheduling order for the administrative proceedings on Vanda's application.  *See* Ex. 1.  The order's highly expedited schedule, in FDA's view, obviates the need for future litigation regarding the schedule for a decision on Vanda's hearing request.

5.  The order sets the following deadlines:

| | |
|---|---|
| CDER's proposed order and supporting analysis | October 31, 2024 |
| Vanda's reply in support of its hearing request | Earlier of (a) December 30, 2024, or (b) 60 days from the date of CDER's submission |
| Office of the Commissioner's decision resolving Vanda's application or commencement of a hearing | Earlier of (a) February 28, 2025, or (b) 60 days from the date of Vanda's submission. |

6.  The Office of the Commissioner explained that it had considered the Court's statements at the September 17, 2024 hearing and sought to "expedite the hearing process as much as possible" without depriving Vanda of an opportunity to respond to CDER's proposed order. Ex. 1 at 1.  The Office of the Commissioner also sought to give itself and CDER adequate time to evaluate Vanda's hearing request while simultaneously "balancing other important public health priorities." *Id*.

7.  This scheduling order is substantially shorter than what CDER originally proposed— instead of CDER's initial proposed deadline of February 6, 2025 to submit its proposed order and analysis, that deadline is now October 31, 2024.  And unlike in prior similar matters, the schedule does not build in a reply brief for CDER.  The scheduling order also calls for either commencement of a hearing or a final decision resolving Vanda's application far sooner than in the matter previously litigated before Judge Nichols.  In that case, 476 days elapsed between

Vanda's request for a hearing and the Officer of Commissioner's final decision. *See Vanda Pharms., Inc. v. FDA*, No. 1:22-cv-2775 (CJN), 2024 WL 307387, at *2, 6 (D.D.C. Jan. 26, 2024). Here, that period will be at most 276 days—more than six months faster.

8. That FDA is moving approximately *twice as fast* on Vanda's current request underscores the seriousness with which the agency takes its statutory obligations and the Court's concerns. The schedule represents that fastest reasonable time by which FDA can render its decision without significantly disrupting other important public health priorities. Should Vanda elect to pursue additional claims regarding this timeframe, Defendants note the following:

9. As the timelines in the Office of Commissioner's scheduling order demonstrate, any unreasonable delay claim Vanda may assert related to its hearing request would be meritless. The central question before the Court on such a claim would be whether acting by February 28, 2025—the last possible date on which the Commissioner's Office would either fully resolve Vanda's application or commence a hearing—constitutes unreasonable delay such that the Court should compel the Commissioner's Office to act faster. The answer would plainly be "no."

10. CDER must submit its analysis and proposed order by October 31, 2024, well before briefing could be completed on any future complaint Vanda may file. Vanda then has up to 60 days to submit its reply, *see* 21 C.F.R. § 314.200(g)(2)–(3), a period the Court presumably would not shorten unless Vanda favored doing so.

11. Thus, for practical purposes, the Court would need to decide whether to compel the Commissioner's Office to act sooner than 60 days after Vanda's reply. The Commissioner's Office's review is a substantial undertaking, and 60 days is a plainly reasonable time to review

Vanda's hearing request and, if warranted, resolve Vanda's application.[3]  Vanda's hearing request, for example, included an 84-page brief, two supporting declarations totaling over 162 pages, and 185 exhibits spanning over 11,200 pages.  The Commissioner's Office must review and address in detail the competing data, analyses, and arguments in determining whether there is "a genuine and substantial issue of fact" on one or more issues or "that a hearing would otherwise be in the public interest."  *Id*. § 314.200(g)(6); *see id*. § 314.200(f); *Pharm. Mfg. Rsch. Servs., Inc. v. FDA*, 957 F.3d 254, 266 (D.C. Cir. 2020) ("To warrant a hearing, a party's submission must raise a genuine and substantial issue of fact that might affect the outcome . . . under the governing law.") (cleaned up).  If the Commissioner's Office determines that there is not a "genuine and substantial issue of fact," it would need to issue a final decision resolving Vanda's application.  FDA respectfully submits that 60 days is a reasonable review period.

12.     **Vanda's current complaint and the parties' pending cross-motions.**  FDA will follow any direction from the Court as to when it would be most useful for the parties to appear for argument and to submit supplemental briefing.

---

[3]  For example, the Office of the Commissioner's decision refusing to approve Vanda's supplemental new drug application that sought to add a jet lag indication was over 95 pages.  *See Agency Decision on Vanda's Hearing Request re Proceeding on the Proposal to Refuse to Approve a Supplemental New Drug Application for Hetlioz (Tasimelteon)*, Docket No. FDA-2022-N-2390-0033 (Feb. 29, 2024), https://downloads.regulations.gov/FDA-2022-N-2390-0033/attachment_1.pdf.

| | |
|---|---|
| Dated: October 4, 2024 | Respectfully submitted, |
| /s/ *Paul W. Hughes*<br>Paul W. Hughes (No. 997235)<br>Sarah P. Hogarth (No. 1033884)<br>MCDERMOTT WILL & EMERY LLP<br>500 North Capitol Street NW<br>Washington, DC 20001<br>(202) 756-8000<br>phughes@mwe.com<br><br>*Counsel for Plaintiff* | /s/ *David H. Hixson*<br>David H. Hixson (Ill. Bar No. 6289751)<br>Oliver McDonald (N.Y. Bar No. 5416789)<br>Trial Attorneys<br>Consumer Protection Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, DC 20044-0386<br>(202) 449-8070 (Hixson)<br>(202) 305-0168 (McDonald)<br>David.H.Hixson@usdoj.gov<br>Oliver.J.McDonald@usdoj.gov<br><br>*Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent via electronic mail to the registered participants as identified on the Notice of Electronic Filing.

October 4, 2024                             /s/ *Paul W. Hughes*